IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES LEE MCCLAIN                                                                                    PLAINTIFF

v.                                    Case No. 5:15-CV-05061

OFFICER TYLER JAMES MOORE #345,
Fayetteville Police Department; and
OFFICER MICHAEL ANDREW CAUDLE
#341, Fayetteville Police Department                                                            DEFENDANTS

## OPINION AND ORDER

Currently before the Court is the report and recommendation (Doc. 34) of the Honorable Mark E. Ford, United States Magistrate for the Western District of Arkansas. Also before the Court are Plaintiff's objections (Doc. 35). No response to the objections was filed by Defendants. The Court has carefully reviewed this case and, being well and sufficiently advised, finds that the report and recommendation should be ADOPTED IN ITS ENTIRETY. The Court additionally notes the following:

Plaintiff is not expected to be well-versed in the law when stating his claim. The Court will construe a pro se plaintiff's pleadings broadly based on the facts provided. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted). However, Plaintiff's objections offer neither law nor fact requiring departure from the report and recommendation. The Magistrate broadly construed all of Plaintiff's factual allegations in reaching the conclusions reflected in the report and recommendation, and those are consistent with the findings of the Court.

The standard of review for summary judgment is well established. Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating there are no genuine issues of material fact. *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015). In considering summary judgment motions, the Court must "review the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party." *Id*. "In resisting the motion for summary judgment, the nonmoving party must produce 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Minnihan v. Mediacom Comm's Corp.*, 779 F.3d 803, 809 (8th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Where possible, on a motion for summary judgment, the Court relies "on evidence from a videotape of the incident recorded by a dashboard camera mounted in a police cruiser at the scene." *Meehan v. Thompson*, 763 F.3d 936, 938 (8th Cir. 2014) (citing *Scott v. Harris,* 550 U.S. 372, 380–81 (2007)). Similarly, when the dashboard camera is synched with audio captured by a microphone worn by an officer at the scene, "[w]here possible, we rely on the audio recording…" *Meehan*, 763 F.3d at 938. As such, to the extent that McClain's story differs from what is heard on the recorded audio, the Court relies on the dashboard camera and synched audio recording to resolve any factual disputes contained therein. *See Scott,* 550 U.S. at 380) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

In regards to Plaintiff's unlawful detention claim, the Court notes that the length of the detention was not unreasonable. The audio synched to the dashboard camera shows that Plaintiff

was stopped and detained at approximately 21:09 (*Deft's Ex.* D, unit 1201) and fled the scene at approximately 21:20. *Deft's Ex*. D, unit 1201. "A detention may become a de facto arrest if it lasts for an unreasonably long time, but there is no rigid time limit on an investigatory detention." *United States v. Maltais*, 403 F.3d 550, 556 (8th Cir. 2005). "There is no bright line rule; instead, 'common sense and ordinary human experience must govern over rigid criteria.'" *United States v. Morgan*, 729 F.3d 1086, 1090 (8th Cir. 2013) (quoting *United States v. Sharpe*, 470 U.S. 675, 685 (1985)). In determining whether the length of a detention is reasonable, courts "examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *Sharpe*, 470 U.S. at 686. An eleven-minute stop of Plaintiff was reasonable in this case, where a third individual was also detained during Plaintiff's brief detention, all three individuals' names were checked through a crime information search during the stop, and the third individual was searched after admitting to having marijuana in his possession. For this reason and those mentioned in the report and recommendation, Plaintiff was not unlawfully detained.

With respect to Plaintiff's claim that there was an illegal search of the apartment in question, even if the Court were to assume that Plaintiff has standing to challenge the search of the apartment and there was a genuine dispute as to whether consent to search the apartment was provided at the time of entry, exigent circumstances justified Officer Caudle's warrantless entry into the home and bathroom. Exigent circumstances provide a basis for a warrantless entry if "lives are threatened, a suspect's escape is imminent, or evidence is about to be destroyed." *United States v. Clement,* 854 F.2d 1116, 1119 (8th Cir.1988). The officer must also have probable cause to enter the home. *United States v. Schmidt*, 403 F.3d 1009, 1013 (8th Cir. 2005). Here, the officer

was in pursuit of the fleeing Plaintiff and, having found drugs on the third individual stopped, had a sufficient basis for believing that evidence was about to be destroyed.

When evaluating whether pursuit of a fleeing suspect is an exigent circumstance, courts must weigh the gravity of the underlying offense and the government must demonstrate an immediate or continuous pursuit of the suspect. *Schmidt*, 403 F.3d at 1013 (8th Cir. 2005) (citing *Welsh v. Wisconsin,* 466 U.S. 740, 753 (1984). Plaintiff was suspected of a drug-related offense, and the pursuit of the suspect was immediate and continuous following a lawful detention. *Deft's Ex.* D, unit 1201, at 21:20; *Deft's Ex.* B, unit 1205, at 21:21. Also, when an exigency at issue is destruction of evidence, an officer must demonstrate a sufficient basis to believe that somebody in the residence will imminently destroy evidence. *Clement,* 854 F.2d at 1119. Officer Caudle knew that Plaintiff "had previously fled from officers and attempted to flush drugs in a toilet at an apartment." *Deft's Ex.* B, ¶ 4. Thus, when Plaintiff fled from the scene of his detention into the apartment, Officer Caudle had a sufficient basis to believe that Plaintiff sought to destroy evidence. The officer limited his search of the apartment to the bathroom in which Plaintiff had barricaded himself and from which the officer could hear the toilet flushing. *Deft's Ex.* B, ¶ 8. This is enough for the Court to determine that an exigency existed for a warrantless search of the apartment's bathroom.

Next, the Court notes that Officer Caudle did not use excessive force in ripping Plaintiff's shirt as he fled or in arresting Plaintiff. "Not every push or shove violates the Fourth Amendment, but force is excessive when the officers' actions are not objectively reasonable in light of the facts and circumstances confronting them." *Rohrbough v. Hall,* 586 F.3d 582, 585 (8th Cir. 2009) (quotations, alteration, and citation omitted). "The key question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without

4

regard to their underlying intent or motivation." *Nance v. Sammis*, 586 F.3d 604, 610 (8th Cir. 2009) (quotations and citation omitted). "Objective reasonableness depends on the facts and circumstances of the case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Rohrbough,* 586 F.3d at 586 (quotations and citations omitted). Because Plaintiff was attempting to evade arrest by fleeing (*Deft's Ex*. D, unit 1201, at 21:20), Officer Caudle acted in an objectively reasonable way by grabbing onto his shirt in an attempt to stop Plaintiff's flight. That Plaintiff's shirt ripped in the process does not indicate excessive force was used.

Additionally, Plaintiff has not produced sufficient evidence of excessive force in his arrest so that a jury could return a verdict for him on that claim. *See Minnihan*, 779 F.3d at 809 (requiring production of sufficient evidence to survive a motion for summary judgment). Plaintiff's claim that he was "broken and bruised up" (*Deft's Ex.* C, page 33) is not supported by the recorded audio or any other evidence. Further, the fact that Plaintiff "didn't see anything that needed any physicians or anything" and did not recall asking to see a doctor or nurse reduces the likelihood that any force used was excessive. *Id*. As such, Plaintiff has not met his burden on this claim in order to survive Defendants' motion for summary judgment.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 25) is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 23rd day of August, 2016.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE